24CA1588 Peo in Interest of RM 03-06-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1588
Weld County District Court No. 23JV108
Honorable Anita Crowther, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of R.M., a Child

and Concerning K.M.

Appellant.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE SCHUTZ
Welling and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 6, 2025

---

Bruce T. Barker, County Attorney, David S. Anderson, Assistant County Attorney, Greeley, Colorado, for Appellee

Jenna L. Mazzucca, Guardian Ad Litem

Michael Kovaka, Office of Respondent Parents' Counsel, Littleton, Colorado, for Appellant

¶ 1     In this dependency and neglect proceeding, K.M. (mother) appeals the juvenile court's judgment adjudicating her child dependent and neglected following a jury trial.  We affirm the judgment.

## I.     Background

¶ 2     The Weld County Department of Human Services filed a petition in dependency and neglect regarding the newborn child. The petition alleged that mother and the child tested positive for methamphetamine at birth and that mother continued to struggle with substance dependence.

¶ 3     Mother requested a jury trial, which the juvenile court held over two days.  After hearing evidence, the jury adjudicated the child dependent and neglected pursuant to sections 19-3-102(1)(b), (c), and (e), C.R.S. 2024 (A child is dependent or neglected if they lack proper parental care through the actions of omission of the parent, their environment is injurious to their welfare, or they are without proper care through no fault of the parent.).

¶ 4     Mother appeals, arguing that the juvenile court abused its discretion by allowing evidence that she had an outstanding no-

bond warrant for her arrest and that she was taken into custody on that warrant on the first day of the trial.

## II.     Standard of Review

¶ 5     We review the juvenile court's decision to admit evidence for an abuse of discretion. *People in Interest of M.H-K.*, 2018 COA 178, ¶ 60. A court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair, or if it misapplies the law. *People in Interest of A.N-B.*, 2019 COA 46, ¶ 9.

## III.     Additional Facts

¶ 6     On the morning of the adjudicatory trial, the parties learned that mother had a no-bond warrant from another county, and that she had been taken into custody on that warrant.

¶ 7     The Department argued that the jury should be informed of these facts because they were relevant to whether she was available to parent the child. The court treated the Department's request as a motion in limine and agreed to address the issue later in the day.

¶ 8     After opening statements, during which mother's counsel stated that mother will testify and tell the jury that she "was and is available to parent her child," the Department again asked that it be allowed to tell the jury that mother had been arrested and taken

2

into custody. The court agreed that mother's status was relevant to the question of whether she was available to parent and found it "more probative than prejudicial given the burden on the Department."

¶ 9 Based on this ruling, the juvenile court provided the following information and limiting instruction to the jury:

> Members of the jury you are about to hear evidence that [mother] has been taken into custody on a warrant. You may consider this evidence as to the question of whether [mother] is available to parent [the child]. You shall not consider it for any other purpose. [Mother] is presumed innocent of any criminal charges. [She] is set to appear before a judicial officer tomorrow morning and might be released at that time.

¶ 10 The caseworker then testified that mother was not available to take care of the child at the time because she had been arrested. Mother also testified and confirmed that she had been arrested related to a recent "domestic" incident occurring with another child's father. Mother denied committing any crime and told the jury she hoped to be released on a personal recognizance bond the next day.

¶ 11    The next day, mother was released on a personal recognizance bond. The Department suggested that the jury should be informed of this development. The juvenile court agreed and provided the following information prior to jury deliberations:

> I did want the jury to be informed that [mother] did attend court in Denver this morning. She has been released on her recognizance so she is no longer in custody.

## IV.    Analysis

¶ 12    Mother argues that the juvenile court reversibly erred because when it ruled on the issue during the afternoon of first trial day, it did not explain why mother's "then-current warrant status would still be relevant to the question of whether she would be able to provide her son with proper parental care at the time the jury reached its verdict after the close of evidence."

¶ 13    But the court informed the jury of mother's arrest on the day that it occurred, and the following day before deliberations began, the court informed the jury that mother had posted bond and was no longer in custody. We conclude that the trial court did not err by providing this information to the jury because it was a relevant consideration in the jury's assessment of mother's present and

future ability to care for the child. *See People in Interest of G.E.S.*, 2016 COA 183, ¶ 15 ("[A]n adjudication may be based not only on current or past harm but also on prospective harm."). A jury may consider whether it is likely or expected that the child will lack proper parental care, and such a determination may be based on the "parent's past conduct and current circumstances." *People in Interest of S.N.*, 2014 COA 116, ¶¶ 15-17. Moreover, mother implicitly acknowledged the relevance of this evidence by suggesting, in her opening argument, that she was able to parent the child at the time.

¶ 14    To the extent that mother asserts on appeal that the juvenile court should have given further instructions informing the jury about how to use the information about her arrest once she was released from custody, we note that she did not ask the court to do so and, accordingly, we cannot address her contention. *See People in Interest of M.B.*, 2020 COA 13, ¶ 14 ("[G]enerally appellate courts review only issues presented to and ruled on by the lower court.").

¶ 15    Mother also argues that the "unduly prejudicial effect" of the ruling was clear and the "bell could not be unrung." But beyond this type of conclusory assertion, mother does not explain how the

evidence was more prejudicial than probative or how the court abused its discretion.

¶ 16 The record shows that the juvenile court instructed the jury that mother was presumed innocent of the outstanding criminal charges and that it was to consider her incarceration only with regard to the question of whether she was available to parent the child, and nothing more. *See People in Interest of A.W.*, 2015 COA 144M, ¶ 27 ("'[A]bsent evidence to the contrary, we presume that a jury follows a [juvenile] court's instructions.'" (quoting *Qwest Servs. Corp. v. Blood*, 252 P.3d 1071, 1088 (Colo. 2011))).

¶ 17 Therefore, the juvenile court did not abuse its discretion by informing the jury that mother had been arrested and, a day later, that she had been released from custody.

## V. Disposition

¶ 18 The judgment is affirmed.

JUDGE WELLING and JUDGE KUHN concur.